The Honorable R. Gunner DeLay State Representative 2525 Rogers Avenue Fort Smith, Arkansas 72901
Dear Representative DeLay:
This is in response to your request for an opinion on the following:
 Does section 4 of Amendment Six to the Arkansas Constitution prohibit a Governor from appointing an individual to assume duties and responsibilities that belong to the Governor[?]
Under the scenario at hand, the probable answer to your question is "no."
Your request recites that the Governor is a defendant in an action scheduled to be tried shortly and that he has appointed a "Special Assistant" "for the purpose of assuming the day to day operations of state government. . . ."
The relevant portion of the constitutional provision you cite is as follows:
 In case of the impeachment of the Governor, or his removal from office, death, inability to discharge the powers and duties of the said office, resignation or absence from the State, the powers and duties of the office, shall devolve upon the Lieutenant Governor for the residue of the term, or until the disability shall cease.
Ark. Const. amend. 6, § 4.
It appears that your request may have been prompted by uncertainty about whether the powers and duties of the Governor will devolve upon the Lieutenant Governor when the anticipated trial commences and, if they will, whether the Governor's appointment of an assistant was lawful and appropriate in view of that anticipated devolution. Clearly, the Governor has not been impeached or removed from office, and has not died, resigned, or absented himself from the state. The commencement of the anticipated trial will not cause any of those eventualities to occur. The only issue remaining under Ark. Const. amend. 6, § 4, is, therefore, whether the Governor will be "[unable] to discharge the powers and duties" of the office of Governor during the anticipated trial. In my opinion, that question is one of fact, rather than of law, and is determinable only by a court of law after an examination of all the relevant facts and circumstances. Cf. Riggs v. Brock, 208 Ark. 1050,189 S.W.2d 367 (1945) (clearly implying that the incapacity of a judge is a question of fact). This office is neither empowered nor equipped to answer questions of fact, and I must therefore decline to render an opinion with respect to the Governor's ability to discharge his powers and duties during the anticipated trial. I would observe, however, that the burden of proof for this proposition would be substantial and that such an action would not be likely of success.
One circumstance that might be relevant to a court's determination of a case arising under Ark. Const. amend. 6, § 4, is the extent to which a Governor has delegated his or her powers and duties to another person during the period of the Governor's alleged disability. It is logical to assume that the greater the extent of the delegation, the more likely it is that the Governor is, in fact, disabled. Your request may be read to imply that, here, the Governor has delegated all his powers and duties to the "Special Assistant" and that the assistant will in fact be acting as Governor during the anticipated trial. While the extent of the delegation is, of course, itself a question of fact not subject to determination by this office, any implication that the assistant will act as Governor is inconsistent with both my understanding, set forth below, of the arrangement between the Governor and the assistant, and published reports of the arrangement. The assistant has not been appointed acting Governor; rather, the Governor will continue to exercise all of the sovereign power of his office. The assistant is merely that: anassistant, whose duties are not significantly different in kind from those of the several assistants permanently on his staff. In my view, the Governor's appointment of a special assistant who will not exercise the sovereign powers of the office no more suggests the Governor's disability than does his appointment from time to time of permanent assistants. Unless a court of competent jurisdiction rules as a matter of law that Governor Tucker's participation as a defendant in a criminal trial constitutes sufficient disability to trigger the succession machinery of Amendment 6, it seems only a remote possibility that a challenge to the Governor's appointment of a "special assistant," under these circumstances, would be sustained.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh